*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1918**

State of Minnesota,
Respondent,

vs.

Kevin John Motz,
Appellant.

**Filed October 3, 2016
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CR-14-37888

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Michael Richardson, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Melissa Sheridan, Eagan, Minnesota (for appellant)

Considered and decided by Kirk, Presiding Judge; Schellhas, Judge; and Bjorkman, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges his deprivation-of-parental-rights conviction, arguing that the state did not meet its burden of disproving beyond a reasonable doubt his affirmative

defense that he reasonably believed his actions were necessary to protect the child from substantial emotional harm. Because we conclude that sufficient evidence supports appellant's conviction, we affirm.

## FACTS

During the early morning of November 8, 2014, N.C. ran away from home with her boyfriend B.T., leaving a note for her parents stating that she was going to Texas with "Matt" and that they might soon be grandparents. Appellant Kevin Motz, fiancé of B.T.'s mother, picked up N.C., and brought her to B.T.'s house in North Branch. Around 1:00 p.m. that day, N.C. overheard Motz answer a phone call from the police and state, "No, she's not here." After talking to the officer, Motz asked N.C. if she was sure she wanted to run away, and told her that he knew he would be in trouble for helping her. He then directed N.C., B.T., and B.T.'s mother to stay close to the floor in B.T.'s room and away from windows to avoid being seen by the police. At around 5:30 p.m., Motz told N.C. and B.T. to leave because it was dark outside and they could get away without being spotted. Motz refused to drive the two away because he feared getting into trouble. Motz also asked N.C. to leave her phone and remove the chip from her phone so she could not be found. Police officers located N.C. and B.T. approximately 20 miles from B.T.'s home.

Respondent State of Minnesota charged Motz with deprivation of parental rights. Motz asserted the affirmative defense that he reasonably believed his actions were necessary to protect N.C. from substantial emotional harm. During trial, Motz testified that he thought N.C. was pregnant and was concerned that her parents would make her

give up the child or have an abortion. The jury found Motz guilty as charged. Motz appeals.

**D E C I S I O N**

In reviewing a claim of insufficient evidence, we ascertain whether the facts in the record and the legitimate inferences that can be drawn from those facts would permit a jury to reasonably conclude that the defendant is guilty of the charged offense. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn. 1978). We view the evidence in the light most favorable to the jury's verdict, and assume that the jury believed the state's witnesses and disbelieved any evidence to the contrary. *State v. Moore*, 438 N.W.2d 101, 108 (Minn. 1989). This is especially true when resolution of the matter depends mainly on conflicting testimony. *State v. Pieschke*, 295 N.W.2d 580, 584 (Minn. 1980).

Minn. Stat. § 609.26, subd. 1(8) (2014), provides that whoever intentionally causes or contributes to a child being a runaway and is at least 18 years old and more than 24 months older than the child is guilty of a felony. But the legislature established an affirmative defense based on the charged person's reasonable belief that the action taken was necessary to protect the child from assault or substantial emotional harm. Minn. Stat. § 609.26, subd. 2(1) (2014). If the defendant produces sufficient evidence to fairly put the statutory defense at issue, the state is required to disprove the defense beyond a reasonable doubt. *State v. Niska*, 514 N.W.2d 260, 265 (Minn. 1994).

Motz does not argue that the evidence was insufficient to prove that he deprived N.C.'s parents of their parental rights. Rather, he contends that the evidence did not overcome his affirmative defense that he reasonably believed his actions were necessary

to protect N.C. from substantial emotional harm. Motz points to his own testimony that N.C. told him she ran away because she feared that her parents would make her have an abortion, and that the two discussed his plan to take N.C. to a family-planning shelter. Motz also cites B.T.'s consistent testimony that Motz and N.C. discussed her pregnancy. We are not persuaded.

To disprove Motz's affirmative defense, the state primarily relied on N.C.'s testimony. N.C. testified that she ran away so that she could be with B.T. Although she also left home because she suspected she was pregnant, N.C. stated that she never discussed this fact with Motz. And she contradicted Motz's testimony that he offered to take her to a family-planning shelter; N.C. testified that no such conversation took place. Moreover, B.T. admitted that he initially did not mention the pregnancy to the police at all, and told the prosecutor that N.C. did not tell Motz she might be pregnant.

It is well-settled that a conviction can rest on the uncorroborated testimony of a single credible witness. *State v. Cao*, 788 N.W.2d 710, 717 (Minn. 2010). While the witnesses gave conflicting accounts of whether Motz knew N.C. was pregnant, we generally defer to the jury's credibility determinations. *State v. Dickerson,* 481 N.W.2d 840, 843 (Minn. 1992), *aff'd,* 508 U.S. 366, 113 S. Ct. 2130 (1993). The jury was entitled to find N.C.'s testimony more credible than that of Motz and B.T. Because N.C.'s testimony, if believed, disproved Motz's affirmative defense, we conclude that sufficient evidence supports Motz's conviction.

**Affirmed.**